IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE A. HARDIN, | No. CIV S-05-0381-WBS-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

Plaintiff applied for supplemental security income benefits on April 2, 2002, based on disability. In her applications, plaintiff claims that her impairment began on December 1, 1999. As to the nature of her disability, plaintiff claims that she is "tired around 12 pm," and that she takes medication which makes her "tired and nervous." Plaintiff is a United States citizen born May 12, 1972, with a high school equivalency diploma.

Plaintiff's claims were initially denied. Following denial of her request for reconsideration, plaintiff requested an administrative hearing, which was held on December 17, 2003, before Administrative Law Judge ("ALJ") William C. Thompson, Jr.

In his March 25, 2004, decision, the ALJ made the following findings:

1. The claimant protectively filed a Title XVI application for Supplemental Security Income payments on April 2, 2002, alleging disability beginning December 1, 1999;

2. The claimant has not engaged in substantial gainful activity since December 1, 1999;

3. The claimant has the following severe impairments: depression and anxiety;

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4;

5. The claimant's allegations regarding her limitations are not credible and are not supported by the credible evidence of record;

6. The claimant retains the physical residual functional capacity for a limited range of light work; I conclude that the claimant retains the physical residual functional capacity for lifting and carrying of up to 10 pounds frequently and 20 pounds occasionally; she is able to sit or walk each for up to a total of six hours in an eight-hour day with normal breaks and limited to occasional bending, stooping, twisting, squatting, kneeling, and crawling; mentally, I find that the claimant is limited to one-two simple tasks and restricted contact with public and coworkers;

7. The claimant is unable to perform her past relevant work, as testified by the vocational expert;

/ / /

/ / /

8.  The claimant was classified as a younger individual, who has a GED high school equivalency diploma; in light of her younger age and residual functional capacity, there is no issue of transferable skills from her past relevant work;

9.  Since December 1, 1999, the claimant could have been expected to make a vocational adjustment to other unskilled, entry level work that exists in significant numbers in the national and local economy: can filler machine operator . . . of which there are over 18,000 in the State of California; packer line . . . of which there are over 20,000 in the State of California; and a small parts assembler . . . of which there are over 60,000 in the State of California; and

10. Because the claimant has been able to perform other work existing in significant numbers in the national economy, she was not disabled, as defined in the Social Security Act, at any relevant time through the date of this decision.

After the Appeals Council declined review on December 17, 2004, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of

which supports the Commissioner's decision, the decision must be affirmed, see <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ erred in five ways in determining that she was not disabled.  Specifically, plaintiff argues: (1) the ALJ failed to comply with the applicable regulations for evaluating mental impairments; (2) the ALJ improperly evaluated the various medical opinions regarding mental capacity; (3) the ALJ failed to properly evaluate the credibility of her subjective complaints; (4) the ALJ erred in accepting testimony from the vocational expert which conflicts with the Dictionary of Occupational Titles ("DOT"); and (5) the hypothetical questions posed by the ALJ to the vocational expert failed to accurately describe her limitations.

As to plaintiff's first argument, in determining residual functional capacity, the ALJ must assess what the plaintiff can still do in light of both physical and mental limitations. <u>See</u> 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); <u>see</u> also <u>Valencia v. Heckler</u>, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").  Where there is a colorable claim of mental impairment, the regulations require the ALJ to follow a special procedure.  <u>See</u> 20 C.F.R. §§ 404.1520a(a), 416.920a(a).  The ALJ is required to record pertinent findings and rate the degree of functional loss.  <u>See</u> 20 C.F.R. §§ 404.1520a(b), 416.920a(b).  A Psychiatric Review Technique Form ("PRTF") must be completed at the initial and reconsideration stages.  <u>See</u> 20 C.F.R. §§ 404.1520a(d), 416.920a(d). The PRTF outlines the steps of the procedure, and it includes the specific criteria necessary to rate the areas of function.  <u>See</u>  <u>Maier v. Commissioner</u>, 154 F.3d 913, 915 (9th Cir. 1998) (per curiam).  The four areas that must be considered are: (1) activities of daily living; (2) social

functioning; (3) concentration, persistent, or pave; and (4) episodes of decompensation.  <u>See</u> 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).  While the regulations no longer require the ALJ to complete and append the PRTF to the decision, the ALJ's decision must still document consideration of these four factors.  <u>See</u> 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2).  Specifically, the regulations require:

> At the administrative law judge hearing and Appeals Council levels, the written decision issued by the administrative law judge or Appeal Council must incorporate the pertinent findings and conclusions based on the technique.  The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).  The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

<u>Id.</u>  As to the first three areas that must be considered, the ALJ is required to assign a degree of limitation of none, mild, moderate, marked, or extreme.  <u>See</u> 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).  As to episodes of decompensation, the ALJ must assign a degree of limitation of none, one or two, thee, or four or more such episodes per week.  <u>See id.</u>

In her motion for summary judgment, plaintiff argues that the ALJ erred because he never considered the four factors outlined above.  Specifically, plaintiff asserts that the ALJ's decision does not rate her functioning in each of the four areas required by the regulations.  Plaintiff concludes that the ALJ's non-compliance with the regulations requires remand.  In response, defendant argues that the ALJ substantially complied with the regulations by finding that plaintiff does not suffer from marked, frequent, or repeated limitations in any of the four areas of function set forth in the Listing of Impairments, which defendant states are the same as the four areas required to be considered by the above-cited regulations.  Defendant also argues that any deficiency in the actual decision with respect to consideration of the four areas is harmless because, even if the ALJ strictly followed the regulations, the result would have been the same.

/ / /

1  Having carefully examined the ALJ's decision, the court agrees with plaintiff that
2  the ALJ did not make any specific findings as to plaintiff's functioning in the four areas listed in
3  the regulations.  Defendant concedes this point by stating that "the ALJ's decision could have
4  been more clear" and arguing that, nonetheless, the ALJ's findings under the Listing of
5  Impairments should suffice.  Under the former regulations, which required the ALJ to complete
6  and append the PRTF to the decision, the ALJ's failure to do so required remand.  See Gutierrez
7  v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000).  While the Ninth Circuit appears not to have
8  addressed the issue under the new regulations, in Lindsay v. Barnhart, a district court recently
9  held that the ALJ's failure to make specific findings in the four areas listed in the regulations also
10 requires remand.  360 F. Supp. 2d 1036, 1045 (C.D. Cal. 2005).  The court also rejected the
11 government's argument that any error was harmless:

> Under the new rules, the ALJ must rate the degree of functional limitation in three areas (daily activities; social functioning; and concentration, persistence) as being either none, mild, moderate, marked, or extreme and rate the degree of decompensation as either none, one or two, three or more.  See 20 C.F.R. § 404.1520a(c)(3) & (4).  The Hearing Decision does not contain such rating on Plaintiff's functional limitations.  As a result, the Hearing Decision fails to comply with either the new regulation or the old regulation.

17 Id. at 1086-87.

18  The undersigned finds Lindsay persuasive.  The language of the new regulations is
19 clear that the ALJ must make certain findings.  While the ALJ in this case made related findings
20 under the Listing of Impairments, he did not make the specific findings required by the
21 regulations with respect to plaintiff's mental limitations.  For this reason, this matter must be
22 remanded to allow the ALJ to make the findings required by the regulations.

23  Because this case must be remanded to allow the ALJ to comply with the
24 regulations regarding mental limitations, and a new decision must issue which specifically
25 addresses the four factors set forth in the regulations, consideration of plaintiff's remaining
26 arguments at this time will not necessarily provide the parties with any meaningful guidance.  It

6

is quite possible that, in light of a proper analysis of plaintiff's mental limitations, as required by the regulations, the ALJ's analysis and findings as to the issues raised by plaintiff's remaining arguments could be very different. In any event, because the ALJ must issue a new decision on remand, and because the new decision would supercede the current decision, addressing the current decision in the context of plaintiff's remaining arguments would serve no purpose.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion for summary judgment be granted;

2. The Commissioner's cross motion for summary judgment be denied;

3. This matter be remanded pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing; and

4. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 22, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE